UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-24070-Civ-SCOLA

IKE FRANCIS

    Plaintiff,
vs.

JONATHAN SILVA, *et al.*,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT MARC J. MOORE'S MOTION TO DISMISS

THIS MATTER is before the Court upon the Defendant Marc J. Moore's Motion to Dismiss (ECF No. 84). The Defendant argues that the Court lacks subject matter jurisdiction over the claims for injunctive and declaratory relief due to mootness and lack of standing because the claims were filed after the Plaintiff had been released from civil immigration detention.

I.    FACTUAL BACKGROUND

The Plaintiff is a Jamaican immigrant who was held for a year and a half in civil immigration detention at Krome Service Processing Center ("Krome") in Miami, Florida, a facility owned and operated by Immigration and Customs Enforcement ("ICE"). Am. Compl. ¶¶ 1-2. The Plaintiff's second amended complaint alleges that during his detention at Krome, he was beaten by detention officer Jonathan Silva in an empty elevator room within Krome that had no camera surveillance. Am. Compl. ¶¶ 1, 4. It is undisputed between the parties that Silva is no longer employed at Krome. The Plaintiff was released from Krome on January 5, 2011 when an immigration judge stopped his deportation proceedings by granting him deferral of removal

1

under the Convention Against Torture ("CAT") on account of his sexual orientation and the country conditions in Jamaica. Am. Compl. ¶ 3. On November 10, 2011, ten months after being released from Krome, the Plaintiff filed this suit seeking damages and declaratory and injunctive relief against the United States and the individual and corporate defendants that the Plaintiff alleges participated in the attack or allowed it to occur.

The second amended complaint seeks injunctive and declaratory relief against Defendant Marc J. Moore in his official capacity as Acting Field Office Director for ICE's Office of Detention and Removal Operations in Miami, Florida for violations of the Fourth and Fifth Amendments. Am. Compl. ¶¶ 172-185. The complaint alleges that the Defendant was the final policy-making authority for Krome at the time of the events that gave rise to these claims. The Plaintiff contends that the Defendant violated his Fourth and Fifth Amendment rights by failing to stop or prevent detention officer Jonathan Silva from unreasonably seizing him. Am. Compl. ¶¶ 174, 182. The Plaintiff seeks an injunction against Defendant Moore that would:

1. Require ICE to prohibit unmonitored contact between individual guards and detainees at Krome and ensure clear lines of sight in all areas where guards interact with detainees at all times.

2. Require ICE to provide complete camera surveillance with zero blind spots in all areas where detainees my come into contact with employees of ICE, [Defendant] Doyon/Akal JV I, or any guards.

3. Require ICE to implement a formal written policy prohibiting contact between detainees and guards who have been the subject of a previous history of verbal or written complaints that allege threats or acts of violence, regardless of the outcome of the complaints.

    4. Require ICE to improve disciplinary and retention procedures that govern employees, including contract employees.

Am. Compl. at 50.

The complaint also seeks a declaration that "Defendants' actions, failures to act, practices, customs, and policies violated the United States Constitution, the FTCA, and the common law of Florida." *Id.* at 51. Defendant Moore filed a motion to dismiss both claims on the grounds that they were mooted when the Plaintiff was released from detention in January 2011 and that the Plaintiff lacks standing because he filed suit after he had already been released.

II.    ANALYSIS AND CONTROLLING AUTHORITY

"The Constitution's case-or-controversy limitation on federal judicial authority, Art. III, § 2, underpins both our standing and our mootness jurisprudence." *Friends of the Earth, Inc. v. Laidlaw Env.'t Serv.*, 528 U.S. 167, 180 (2000). This Court may "exercise [its] discretion to review the issue of mootness first, followed by the issue of standing." *Tanner Adver. Grp. LLC v. Fayette Cnty., Ga.*, 451 F.3d 777, 785 (11th Cir. 2006).

 A. <u>Mootness</u>

"To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all states of review, not merely at the time the complaint is filed.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)(quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). "Mootness is jurisdictional," and therefore must be decided as a threshold matter and requires dismissal if the court finds its jurisdiction lacking under this doctrine. *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). "The doctrine of mootness provides that the requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Tanner Adver. Grp. LLC*, 451 F.3d at 785. "A

3

case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993).

Other circuits have found that release from immigration detention moots any claims for injunctive or declaratory relief as to the conditions of that detention. *See Cohen Ma v. Hunt*, 372 Fed. App'x. 850, 852 (10th Cir. 2010)("[T]he appeal is moot as to the release claims and those claims seeking declaratory judgment and injunctive relief regarding the conditions of confinement."); *Ferry v. Gonzales,* 457 F.3d 1117, 1132 (10th Cir. 2006)(§ 2241 petition challenging alien's detention without bond was moot when the alien was no longer "in the custody of the DHS to benefit from a bond determination or release."); *Wirsching v. Colorado,* 360 F.3d 1191, 1196 (10th Cir. 2004)(appeal of denial of declaratory and injunction relief regarding conditions of confinement is moot where the prisoner was released). And in this circuit, a criminal defendant's release from prison has been found to moot any claims for injunctive or declaratory relief related to the conditions of the imprisonment. *See Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007)("[t]he general rule in our circuit is that a transfer or release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief."); *Zatler v. Wainwright*, 802 F.2d 397 (11th Cir. 1986)("[i]n view of Zatler's release, we find that his claims for declaratory and injunctive relief are now moot."); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985)("[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.").

The Plaintiff's claims for injunctive and declaratory relief are moot because he is no longer detained at Krome, and moreover, was no longer detained there at the time he filed this suit. The Plaintiff's release from Krome moots his claims for declaratory and injunctive relief

4

because he is no longer in real and immediate danger of sustaining an injury caused by the policies controlled by the Defendant. Since the Plaintiff has already been released from Krome, this Court can no longer give him meaningful relief as to the conditions of his detention there.

To avoid the obstacle presented by the mootness doctrine, the Plaintiff argues that he qualifies for "the mootness exception for disputes capable of repetition yet evading review." *Renne v. Geary*, 501 U.S. 312, 320-21 (1991). This exception applies when two conditions are satisfied: (1) there is a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration. *Al Najjar,* 273 F.3d at 1336. "[T]he capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." *City of L.A. v. Lyons*, 461 U.S. 95, 109 (1983).

As a preliminary matter, the Plaintiff cannot invoke the mootness exception because his claims for injunctive and declaratory relief were moot at the time they were filed, and therefore the exception is inapplicable. The Supreme Court has denied application of the mootness exception for "a dispute which became moot before the action commenced." *Renne*, 501 U.S. at 320. As the Supreme Court noted in *Renne*, "[j]usticiability concerns not only the standing of litigants to assert particular claims, but also the appropriate timing of judicial intervention." *Id.* Because the mootness exception doctrine is only applicable in exceptional circumstances, it requires that the plaintiff at least have had a live controversy at the time of filing for relief. Accordingly, the Plaintiff's claims cannot qualify for the mootness exception because the claims for injunctive and declaratory relief were already moot when filed. Moreover, the Plaintiff's claims cannot satisfy either of the two required conditions of the mootness exception.

5

As to the first condition, the Plaintiff argues that the "nonpermanent" nature of the Plaintiff's immigration status under the CAT creates a demonstrated probability that the Plaintiff could be detained and assaulted at Krome again if ICE decides to deport him due to improving conditions in Jamaica. The Plaintiff likens this case to *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 227-28 (3d Cir. 2011) in which the Third Circuit found that an immigrant who had been granted withholding of removal after lengthy pre-removal detention demonstrated a probability that he could be subject to prolonged detention again because his prior criminal record made his immigration status subject to governmental discretion. The plaintiff in *Diop* only qualified for withholding of removal because his prior criminal conviction had been judicially vacated by that circuit's finding that a relevant Supreme Court case was retroactive. *Id.* at 227. But because that vacatur could be overturned on a then-pending appeal, the Third Circuit found that "the prospect of his once again being detained by the Government is not wholly speculative." *Id.* at 228.

As a threshold matter, *Diop* is distinguishable from the instant case because the plaintiff in that case filed suit before he was released from detention, not after. Therefore, the *Diop* action was not moot at the time it was filed and could qualify for the mootness exception. *Diop* is distinguishable from the instant case in another critical way: the plaintiff in *Diop* was challenging the prolonged detention itself, not a particular condition of that detention. *Id.* at 227. This broader challenge makes it easier for the *Diop* plaintiff to establish that the illegal condition could occur again because he only had to establish the likelihood that he would be detained again. In the instant case however, the Plaintiff must do more than show that he could be detained again. He must show that the detention conditions which led to his alleged abuse are likely to occur again during a second, future detention. In other words, he must show that he would be placed at Krome again, that the same abusive guard would still be employed there, and

6

that the same circumstances that led to his alleged assault would arise. Contrasted with the facts of *Diop*, there is too much uncertainty regarding whether the Plaintiff could be subject to the same conditions of confinement in Krome.

As to the second condition, the Plaintiff argues that the ten months in which he was detained at Krome was too short in duration to allow him to fully litigate his claims for declaratory and injunctive relief and that any future detention is likely to be even shorter. Other circuits have found that the type of challenged actions which qualify under this prong are those actions that are "necessarily of short duration," *Jordan v. Sosa*, 654 F.3d 1012, 1034-35 (10th Cir. 2011), or that by their "very nature could not, or probably would not be able to be adjudicated while fully 'live.'" *Dow Chemical Co. v. EPA*, 605 F.2d 673, 678 n. 12 (3rd Cir. 1979). In this Circuit, the second prong of the mootness exception has been analyzed in a challenged governmental action involving the "seasonal nature of migratory bird nesting." *Sierra Club v. Martin*, 110 F.3d 1551, 1554 (11th Cir. 1997). In *Sierra Club*, the Eleventh Circuit applied the mootness exception in order to allow judicial review of an expired preliminary injunction that challenged the U.S. Forest Service's act of permitting timber cutting during the migratory bird nesting season. *Id.* The Eleventh Circuit found that although the preliminary injunction had expired, the appeal was not moot because the seasonal nature of migratory bird nesting would result in the same challenged action occurring each year: the U.S. Forest Service's permission of timber cutting during the nesting season. *Id.*

The conditions which the Plaintiff challenges in his complaint are Krome's policies regarding the unmonitored interaction between guards and detainees, the placement and number of surveillance cameras, and the disciplinary and retention procedures of Krome employees. Am. Compl. at 50. None of these conditions are inherently fleeting or by their nature subject to rapid

7

change such that their duration would be too short to survive the entire litigation process. These conditions are also not inevitably seasonal and subject to almost automatic reoccurrence. If the Plaintiff was challenging the detention itself, as the plaintiff in *Diop* did, he might be able to establish this second condition of the mootness exception. However, the Plaintiff's claims do not challenge the fact that he was detained, but rather seek that any potential, future detention at Krome be subject to certain conditions. Because he challenges specific conditions of his detention which are not by nature subject to rapid change, he cannot establish that these challenged conditions are too short in duration to allow him to fully litigate his claims.

B. <u>Standing</u>

To satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant, and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "The plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *City of L.A.*, 461 U.S. at 101-02 (citations omitted).

The Eleventh Circuit has affirmed a ruling that the risk of future imprisonment was too remote to establish standing for injunction relief even when two of the plaintiffs were not imprisoned at the time the complaint was filed, but had been arrested subsequent to its filing. *Powell v. Barrett*, 246 Fed. App'x. 615, 618 (11th Cir. 2007)(citing *City of L.A.*, 461 U.S. at 101-02). In *Powell*, two of the plaintiffs sought injunctive relief against the sheriff in his official

capacity regarding their conditions of confinement. The plaintiffs' complaint stated that they had been detained past their scheduled release dates and therefore were "overdetained." *Powell v. Barrett*, 376 F. Supp. 2d 1340, 1343 (N.D. Ga. 2005). The district court in *Powell* relied on established case law in this Circuit that standing for injunctive relief of confinement conditions cannot be established when that standing is based on the likelihood of the plaintiff being imprisoned again. *Id.* at 1358 ("Plaintiffs have directed the Court to no authority actually holding that a civilian claimant's potential for recidivism was so high that it took his future arrest and detainment out of the realm of the hypothetical, laying the foundation for equitable standing."). Even the fact that two plaintiffs were out on bond and on probation at the time of the suit was insufficient to establish standing based on the future risk of those plaintiffs being subjected to the same conditions of confinement. *Id.* at 1357 ("[Plaintiffs] urge that these arrests (as well as the fact that Mr. Powell remains out on bond, and that Mr. Blake is on probation) show a substantial likelihood that these men will again be detained at the Fulton County Jail and will again face allegedly unconstitutional conditions of confinement."). The Eleventh Circuit affirmed the district court's ruling, holding that "the threat they face of future overdetentions is too speculative or conjectural and not real and immediate" and therefore insufficient to establish standing. *Powell*, 246 Fed. App'x. at 618 (citing *City of L.A.,* 461 U.S. at 101-02).

As in *Powell*, the Plaintiff in this case argues that there is substantial likelihood that he will suffer the same conditions of confinement and therefore has established standing for injunctive relief. However, both the district court and the Eleventh Circuit in *Powell* found that neither the subsequent arrests of two of the plaintiffs nor their release status on bond or probation was sufficient to satisfy the strict requirements of Article III standing. In the instant case, the Plaintiff's deferral of removal status under the CAT is akin to the bond and probation statuses of

9

the *Powell* plaintiffs, and similarly insufficient to establish standing to bring his injunctive and declaratory relief claims. There is too much uncertainty as to whether the immigration status of the instant Plaintiff will change and if so, whether that change will result in his detention at Krome. In addition, the contract security guard that allegedly assaulted the plaintiff is no longer employed at Krome and the complaint contains no allegations of any assaults on the Plaintiff by other guards. Accordingly, the Plaintiff lacks standing to file a claim for injunctive and declaratory relief against the Defendant in his official capacity.

III.     CONCLUSION

Having reviewed the Motion, the response, and the relevant legal authorities, and for the reasons set forth above, it is **ORDERED and ADJUDGED** that the Defendant's Motion to Dismiss is **GRANTED**.

**DONE and ORDERED** in chambers, at Miami, Florida, on September 6, 2012.

ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
*Counsel of record*